■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL CARBONE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered July 20, 1984, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and sentencing him to an indeterminate term of six years to life imprisonment.

Judgment affirmed.

The sentence imposed upon defendant was within the statutory limits and those limits were not unconstitutionally excessive as applied to this defendant (see, People v Broadie, 37 NY2d 100, cert denied 423 US 950).

Defendant knowingly, freely and voluntarily pleaded guilty to the charged offense and has no basis now to complain that the sentence was excessive. Defendant received precisely the sentence he bargained for (see, People v Kazepis, 101 AD2d 816). Lazer, J. P., Mangano, Brown and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN DALE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Bianchi, J.), rendered July 23, 1984, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed, and matter remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Defendant asserts that a verdict of guilty of criminal possession of a controlled substance with intent to sell is repugnant to a verdict of not guilty of criminal sale of a controlled substance in the fifth degree, and that the guilty verdict was based on insufficient evidence. Inasmuch as these claims were not raised in the court of first instance, they are not preserved for appeal (see, People v Satloff, 56 NY2d 745) and the verdict should not be disturbed. Even if we were to address the merits, reversal would not be warranted (see, People v Tucker, 55 NY2d 1; People v Williams, 47 AD2d 262; People v Contes, 60 NY2d 620). Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.