■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WALKER, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Dufficy, J.), both rendered December 16, 1983, convicting him of robbery in the third degree under indictment No. 1336/83 and robbery in the first degree and criminal possession of a weapon in the fourth degree upon indictment No. 1337/83, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial (Clabby, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgments are affirmed.

The charges against the defendant arose from two robberies of a dry cleaning store which took place on November 19, 1982 and March 4, 1983. During the first incident, the complaining witness, Eleanor Friscia, viewed the perpetrator for about five minutes and during the second incident, she saw him for seven or eight minutes.

On April 9, 1983, a man entered the store and Friscia

recognized him as the perpetrator of the two robberies. This time, another customer entered and the man left after five or six minutes. A description was broadcast over the police radio and, about 10 minutes later, a police officer saw the defendant walking along the street about 12 blocks from the store. The defendant was stopped and transported to the store, where Friscia identified him as the perpetrator of the two robberies. She subsequently identified him at a *Wade* hearing. At the defendant's trial, Friscia identified him in court and testified as to her previous identifications at the store and at the *Wade* hearing.

In this appeal, the defendant argues that all of the identification testimony should have been suppressed because the identification at the store was a showup which was conducted in an impermissibly suggestive manner. We disagree. Under the circumstances here, where Friscia had seen the defendant only 35 minutes before and had recognized him, independent of any action by the police, as the perpetrator of the two previous robberies, her viewing of the defendant when the police brought him back to the store was merely confirmatory and did not constitute an investigatory identification procedure *(see, People v Whitaker,* 126 AD2d 688).

While some of the statements made by the prosecutor during the trial would have been better left unsaid, they did not deprive the defendant of a fair trial and reversal on this basis is not warranted *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

The court was not required to dismiss the charge of criminal possession of a weapon in the fourth degree as a lesser included offense of robbery in the first degree *(see, People v Perez,* 45 NY2d 204).

We have reviewed the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.