■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE PERKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Cacciabaudo, J.), rendered November 6, 1985, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On April 3, 1985 the complainant was raped in Wyandanch, Suffolk County. At a social club two weeks later she recognized a man, later identified as the defendant, as the perpetrator of the crime. She contacted the police and advised them that the defendant could be found in the club. The police apprehended the defendant in the social club. As he stood at the entrance of the social club in the presence of several police officers the complainant identified him as the perpetrator. Following a *Wade* hearing, the hearing court denied suppression of the identification testimony. On appeal, the defendant argues that the identification testimony should have been suppressed as the product of an impermissibly suggestive showup procedure.

In our opinion, the hearing court properly denied suppression. The complainant's viewing of the defendant in front of the social club was in the nature of a confirmation, not an identification *(see, People v Walker,* 127 AD2d 868; *People v Whitaker,* 126 AD2d 688). Thus, the issue of suggestiveness was not a relevant consideration *(see, People v Fleming,* 109 AD2d 848).

We further find the sentence of from 3 to 9 years' imprison-

ment imposed upon the defendant's conviction of a class B violent felony offense to be a proper exercise of the trial court's discretion and we decline to substitute our discretion for that of the trial court. The sentence imposed was the result of a negotiated plea agreement which substantially reduced the defendant's sentencing exposure. Therefore, he cannot now complain that the sentence was unduly harsh or excessive (see, People v Carbone, 117 AD2d 612, lv denied 67 NY2d 881; People v Kazepis, 101 AD2d 816). Thompson, J. P., Lawrence, Weinstein and Rubin, JJ., concur.