■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY COLLINS, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Groh, J.), rendered January 6, 1986, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Leahy, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in denying his motion to suppress identification testimony, and that his plea and sentence must therefore be vacated. We disagree. The evidence in the record demonstrates that on the evening of April 28, 1984, the complainant was robbed in his taxicab by two men. On the following day he observed his assailants board a bus, whereupon he requested the aid of a police officer. The officer stopped the bus and asked the complainant to identify the perpetrators of the robbery. The complainant identified the defendant as one of the robbers. Under these circumstances, we find that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the identification, inasmuch as the identification was not arranged by the police for the purpose of establishing the identity of the criminal actor, since the identification took place after the complainant happened to see the defendant boarding a bus. Hence, the testimony was not subject to exclusion *(see, People v Gissendanner,* 48 NY2d 543, 552; *People v Dukes,* 97 AD2d 445). Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.