■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN P. HIGGINS, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Suffolk County (Weissman, J.), imposed February 25, 1987, upon his conviction of burglary in the third degree (two counts), upon his plea of guilty, the sentence being an indeterminate term of 2 to 4 years' imprisonment as to each count as a second felony offender, to run consecutively to each other and to any parole time owed, and a mandatory $100 surcharge on each of the counts.

Ordered that the sentence is affirmed.

The sentencing court properly exercised its discretion in imposing consecutive terms of imprisonment for the two counts of burglary in the third degree. Consecutive sentences may be imposed for crimes committed by disparate and separate acts (see, Penal Law § 70.25 [2]; People v Underwood, 52 NY2d 882; People v Sanchez, 131 AD2d 606, 609, lv denied 70 NY2d 717). Although the burglaries charged may be said to have occurred in the course of a single extended transaction,

they involved the illegal entry into separate business establishments and clearly resulted from separate acts on the part of the defendant (see, People v Brathwaite, 63 NY2d 839, 843; People v Sanchez, supra; People v Blowe, 130 AD2d 668, 671). The sentence being lawful and being the term promised as part of a negotiated plea bargain, it should be sustained (see, People v Perkins, 130 AD2d 521, lv denied 70 NY2d 716; People v Kazepis, 101 AD2d 816).

The defendant's remaining contentions are addressed to the court's imposition of the mandatory surcharge as to each count. Penal Law § 60.35 (2) forbids the imposition of multiple surcharges upon the defendant's conviction of multiple crimes arising from the commission of a single act. However, it follows that where, as here, the imposition of consecutive sentences for crimes committed by separate acts is proper, the imposition of a surcharge as to each crime arising from a disparate and separate act is also lawful. We therefore reject the defendant's contention that the imposition of multiple surcharges at bar was illegal. The defendant's further contention that the surcharges should be vacated because of his indigency has not been preserved for appellate review as a matter of law as neither the defendant nor his counsel requested a waiver of the surcharge prior to sentencing (see, CPL 470.05 [2]; People v Naumann, 131 AD2d 705; People v Baker, 130 AD2d 582, lv denied 70 NY2d 709). In any event, any application for a waiver of the mandatory surcharge would be premature in view of the defendant's incarceration (see, People v West, 124 Misc 2d 622; People v Williams, 131 AD2d 525, lv denied 70 NY2d 718; People v Peralta, 127 AD2d 803, 804, lv denied 69 NY2d 953). Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.