■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR SANCHEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered March 4, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The allegations upon which the defendant predicates his contention that he was deprived of the effective assistance of counsel are belied by his unequivocal responses to questions asked by the trial court during his plea allocution. The defendant informed the trial court that assigned counsel had discussed with him the defenses of agency and entrapment and denied that counsel had ever advised him that she would not defend him at a trial of the crimes charged in the indictment if he declined the plea agreement and requested a trial. The record reveals that counsel provided the defendant with "meaningful representation" *(see, People v Baldi,* 54 NY2d 137).

Furthermore, the indeterminate sentence of from 3 to 9 years' imprisonment imposed upon the defendant's conviction of a class B felony was a proper exercise of the court's discretion and we decline to substitute our discretion for that of the sentencing court. The sentence imposed was the result of a negotiated plea agreement which substantially reduced the defendant's sentencing exposure. Therefore, he cannot now complain that the sentence was unduly harsh or excessive *(see, People v Perkins,* 130 AD2d 521, *lv denied* 70 NY2d 716; *People v Carbone,* 117 AD2d 612, *lv denied* 67 NY2d 881; *People v Kazepis,* 101 AD2d 816). Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.