■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEROME MOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered November 21, 1985, convicting him of robbery in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Di Tucci, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the hearing court properly denied his request to suppress the proposed testimony of the three complainants concerning their pretrial and in-court identifications of the defendant *(see, People v Collins,* 131 AD2d 497; *People v Higgs,* 111 AD2d 410; *People v Jackson,* 108 AD2d 757; *People v Dukes,* 97 AD2d 445).

Viewing the evidence adduced at trial in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. "[T]he evidence sustains the jury's verdict that [the] defendant was guilty of aiding in the robbery because of his participation as the driver of the getaway car (Penal Law, § 20.00)" *(People v Jackson,* 44 NY2d 935, 937; *see, People v Keitt,* 42 NY2d 926).

In addition, we find no merit to the defendant's contention that the prosecution's witnesses, because of the alleged inconsistencies in their testimony, should not have been believed by the jury. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL

470.15 [5]). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.