■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON REEVES, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of robbery in the second degree, defendant contends that identification evidence should have been suppressed as the fruit of an unnecessarily suggestive showup and that the court erred in admitting bolstering testimony. Defendant's claims are unpreserved for review and are lacking in merit. With respect to the *Wade* contention, defense counsel's affidavit in support of defendant's omnibus motion challenged only the photo array. In fact, on the return date of the motion, defense counsel expressly disclaimed any challenge to the showup identification. At trial, testimony concerning the showup was admitted without objection, and defense counsel himself explored the subject on cross-examination of both the victim and the officer. Were we to address the merits, we would conclude that the showup was not improper. The victim directed police to defendant after seeing him on the street and recognizing him as the robber. The act of the police in immediately arranging a confrontation was merely confirmatory, and there was no possibility of suggestiveness *(People v Collins,* 131 AD2d 497, 498; *People v Perkins,* 130 AD2d 521, *lv denied* 70 NY2d 716; *People v Walker,* 127 AD2d 868, 869, *lv denied* 70 NY2d 718; *People v Dukes,* 97 AD2d 445).

Defendant also failed to preserve the bolstering claim for review, as he did not object to the bolstering testimony. In any event, the error in admitting the testimony was harmless. The identification evidence was otherwise "clear and strong" *(People v Johnson,* 32 NY2d 814, 816; *see, People v Milburn,* 19 NY2d 910, 911, *rearg denied* 23 NY2d 806). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, second degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.