■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

GREGORY CARTER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that his motion to suppress the identification testimony of Francine Bunton, a witness, was improperly denied. We disagree. The suppression court properly found that the procedure employed here was merely confirmatory in view of the fact that the witness had seen defendant on several prior occasions and knew him by another name (see, People v Green, 155 AD2d 880, lv denied 75 NY2d 813; People v Suren, 131 AD2d 896, 897, lv denied 70 NY2d 804; People v Johnson, 124 AD2d 748, 749, lv denied 69 NY2d 713). Thus, defendant's argument of suggestiveness is not relevant here (see, People v Fleming, 109 AD2d 848, 849).

Defendant's contention that he was deprived of a fair trial by the cumulative effect of the admission of certain preliminary hearing testimony of Francine Bunton (see, CPL 670.10, 670.20; People v Arroyo, 54 NY2d 567, cert denied 456 US 979; People v Nettles, 118 AD2d 875, 876, lv denied 68 NY2d 671), by prosecutorial misconduct during summation (see, People v Galloway, 54 NY2d 396), and by the trial court's response to the jury's inquiry regarding Francine Bunton's absence at the trial is lacking in merit. (Appeal from Judgment of Monroe County Court, Maloy, J.—Assault, 1st Degree.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.