■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON DADE, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that Supreme Court erred in refusing to suppress evidence of defendant's identification made following a street corner showup held two days after the crime. The record supports the suppression court's finding that the complainant knew defendant from the neighborhood (see, People v Carter, 174 AD2d 988, lv denied 78 NY2d 1010). Because of the identifying witness's familiarity with defendant, there is little or no risk that police suggestion could have led to misidentification (see, People v Collins, 60 NY2d 214, 219; People v Tas, 51 NY2d 915, 916). The identification was confirmatory (see, People v Rodriguez, 79 NY2d 445, 450). The suppression court's alternative finding that the showup was not unduly suggestive is also supported by the record. Here, the police were not responsible for arranging the

showup. The complainant telephoned the police to advise them of defendant's whereabouts. The police involvement was limited to transporting the complainant to that location. No possibility of suggestiveness was created by the police conduct in arranging the confirmation (see, People v Reeves, 156 AD2d 934, lv denied 75 NY2d 969).

Because the jury's initial verdict improperly considered all the counts submitted, including the reckless assault count charged in the alternative, the court properly instructed it to reconsider its verdict (see, CPL 310.50 [2]). On the whole, the instructions given by the court in directing the jury to reconsider its verdict on the first three counts were comprehensive and correct.

Viewing the evidence in the light most favorable to the People (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), we conclude that it was legally sufficient to support defendant's conviction of criminal use of a firearm in the first degree (Penal Law § 265.09 [2]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [4]). Complainant's testimony that defendant was armed with a .22 caliber rifle is uncontradicted. Notwithstanding his further testimony that the rifle's grip had been sawed-off, there is a valid line of reasoning from which the jury could reasonably conclude that the rifle was intended to be shot from the shoulder (see, Penal Law § 265.00 [11]).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Attempted Murder, 2nd Degree.) Present—Green, J. P., Lawton, Boehm, Fallon and Davis, JJ.