■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC STANTON, Appellant. — Judgment, Supreme Court, New York County (Kenneth Shorter, J.), rendered on January 21, 1982, which convicted defendant of criminal sale of a controlled substance in the second degree and sentenced him to an indeterminate term of three years to life, reversed, on the law, and the case is remanded for a new trial.

The defendant was convicted after a jury trial of criminal sale of a controlled substance in the second degree and sentenced to an indeterminate term of three years to life. The evidence was clearly sufficient to support the jury's verdict. Nor do we see any error in the trial court's denial of the defendant's motion for a *Wade* hearing under the circumstances presented. The allegations set forth in the motion seem to us insufficient to have required a hearing with regard to the undercover officer's viewing of the defendant after his arrest in an effort to confirm that the right person had been arrested. It is manifestly desirable that the undercover officer, the person who had the best opportunity to observe the seller, confirm that the correct person had been arrested. (*See, People v Martinez,* 79 AD2d 661, 662; *cf. People v Morales,* 37 NY2d 262.) We perceive no adequate justification in the usual situation for requiring such an observation to be conducted under lineup conditions, nor are we persuaded that the failure to arrange a lineup in such situations should entitle the defendant to a *Wade* hearing.

However, reversible error occurred when the courtroom was closed to the public during the testimony of the undercover officer without any demonstration on the record that such action was justified in accordance with the principles set forth by the Court of Appeals in *People v Jones* (47 NY2d 409, 413).

The record discloses that after the District Attorney requested the closing of the courtroom during the undercover officer's testimony, defense counsel objected to that application. The court, with the permission of defense counsel, spoke privately to the District Attorney and, thereafter, over the renewed objections of the defense counsel, excluded the public, in this case the defendant's mother and sister. The conversation between the trial court and the District Attorney was not recorded, nor did the trial court set forth his reasons for granting the District Attorney's application.

The principle is, of course, well established that trials may be closed during the testimony of undercover agents whose public appearance would endanger their lives or seriously damage other investigations (*People v Jones, supra,* p 414). However, it is equally well established that such a determination may only be made after "an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" (*supra,* pp 414-415).

It is reasonable to assume that in the unrecorded conversation, the District Attorney presented information to the trial court that satisfied the court that a sufficient showing had been made to justify closing the courtroom. That possibility, however,

is not sufficient to meet the constitutional requirement in the absence of anything in the record which discloses the nature of that information and the reasons for the court's action. We further note that no inquiry was made of the undercover officer himself. (*See, People v Cuevas,* 50 NY2d 1022, 1024.)

It has been urged by the District Attorney that the appeal should be held in abeyance pending a remand to the trial court for the purpose of permitting an opportunity now to establish that which was presented to the trial court in the unrecorded conversation and the reasons for the trial court's action. We need not determine whether or not such a procedure would have been appropriate if the defense lawyer had been a participant in the conversation between the prosecutor and the court. (*Cf. People v Chiclana,* 100 AD2d 779.) Under the circumstances actually presented, and considering the more than two years that have elapsed since the unrecorded ex parte conversation took place, we do not believe the procedure urged by the District Attorney is an appropriate response. Concur — Murphy, P. J., Sandler, Carro, Fein and Milonas, JJ.