*339 OPINION OF THE COURT
Alan D. Marrus, J.
The defendant has moved to suppress testimony identifying him as the perpetrator of the crime on the ground that he "was subjected to an impermissibly suggestive corporeal identification procedure” which was "so conducive to an irreparable mistaken identification as to be a denial of due process of law”. The People respond that the identification testimony in this case involves two confirmatory viewings by an undercover police officer which are "not identification procedures within the ambit of Wade and its progeny”. The issue to be decided is whether the court must conduct a Wade hearing to decide this motion to suppress identification testimony or whether the court may summarily deny the motion without a hearing.
Prior to November 1, 1986, a court could have summarily denied such a motion if "the motion papers [did] not allege a ground constituting legal basis for the motion * * * or * * * [t]he sworn allegations of fact [did] not as a matter of law support the ground alleged” (CPL 710.60 [3] [a], former [b]). Effective November 1, 1986,* however, a court may summarily deny the motion only if "the motion papers do not allege a ground constituting legal basis for the motion” (see, CPL 710.60 [3] [a]). This statutory change "relieves the defense of the burden of alleging a factual basis for the legal ground stated when making a motion for suppression of potential trial identification testimony on a claim that it is tainted by improperly conducted identification procedures utilized in the investigation.” (Preiser, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.60 [1987 Pocket Part], p 43.) Thus, it would appear at first blush that the statutory change would mandate a Wade hearing in this case as well as in scores of others where the defense has asserted "a ground constituting legal basis for the motion.” The People argue, however, that this statutory amendment should not apply to confirmatory identifications by police officers in narcotics cases because of the preexisting body of case law holding that such confirmatory identifications do not constitute a previous identification within the meaning of CPL 710.20 (6) which permits a court to suppress evidence upon the *340 ground that it: "Consists of potential testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, which potential testimony would not be admissible upon the prospective trial of such charge owing to an improperly made previous identification of the defendant by the prospective witness.”
In People v Morales (37 NY2d 262, 272 [1975]) the Court of Appeals ruled that confirmatory police identifications were "far from being improper, actually 'consistent with good police work’ * * * since it assured that an innocent man was not incarcerated by someone else’s mistake.” In People v Gissendanner (48 NY2d 543 [1979]) the Court of Appeals rejected the defense claim that such confirmatory viewings fall within CPL 710.30. The court ruled there that neither of two police officers " 'previously identified’ the defendant within the intendment of the statute” (supra, p 552). The court reasoned that the focus of the United States Supreme Court in Gilbert v California (388 US 263), United States v Wade (388 US 218), and Stovall v Denno (388 US 293) "was on in-court identifications predicated on earlier police-arranged confrontations between a defendant and an eyewitness, typically involving the use of lineups, showups or photographs, for the purpose of establishing the identity of the criminal actor” (p 552). The court reaffirmed this principle in People v Tas (51 NY2d 915, 916 [1980]) making it clear that no prior notice need be given by the People of an identification where the victim and perpetrator were known to each other. (See also, People v Collins, 60 NY2d 214, 219 [1983].)
Two recent decisions by the Appellate Division also make it clear that a confirmatory identification by an undercover police officer generally is not the proper subject matter of a Wade hearing. (People v Marrero, 110 AD2d 785 [2d Dept 1985]; People v Stanton, 108 AD2d 688 [1st Dept 1985].) More recently, the Appellate Division has held, however, that: "we do not read Morales as having dispensed with the necessity of having a Wade hearing in all cases. Notwithstanding the recognized expertise of police officers in identification situations, where the circumstances suggest that a reasonable possibility exists that the officer’s identification of the defendant might be the product of the station house viewing rather than the initial observations made during the crime, a Wade hearing is desirable.” (People v Rubio, 118 AD2d 879, 880 [2d Dept 1986].)
*341 As the above cases make clear, in most cases a Wade hearing is not necessary where the only previous identification involved is a confirmatory police identification or one which involves parties who had a prior relationship. There may, however, be factual settings which warrant a hearing in such cases. Since the amended statute dispenses with the requirement that the defense set forth any factual allegations, the court must abide by the statutory change and not merely pay lip service to it.
The issue arises in this case and most others because the People have previously served notice pursuant to CPL 710.30 of their intention to offer evidence covered by this statute. Yet the decisional law is clear that such statutory notice is not required in most cases where the previous identification involves a confirmatory identification by an undercover police officer or one involving parties who knew each other. The amended statute does nothing to alter the decisional law: "It is worth noting, however, that the change does not enlarge the legal basis for the motion or the obligation of the prosecutor to serve notice under CPL 710.30. Thus, it should not generate hearings in cases where, for example, there is no issue as to the defendant’s identity, or the defendant and the witness were previously known to one another * * * or the viewing consisted of an undercover officer’s 'confirmation’ that the right person had been arrested” (Preiser, op. cit., pp 43-44).
The court concludes, therefore, that it may summarily deny the motion to suppress identification testimony here only if either one of two conditions exist:
(1) the defense does not allege a ground constituting legal basis for the motion; or
(2) the People withdraw their notice served pursuant to CPL 710.20 (6) upon the ground that they have no evidence to offer which is governed by this section.
Here the defense has raised a legal basis to suppress the evidence. No factual assertions are required. It would not be proper to summarily deny a Wade hearing solely on factual allegations by the People.
Implicit in the People’s response to the motion to suppress, however, is an argument that the identification testimony is not covered by CPL 710.20 and hence no notice is required to be served. If this is so, then the People may withdraw their previously served notice on the ground they were mistaken in giving it.
*342 The statute governing the service of pretrial notice in identification cases now parallels the one governing confession cases. Pretrial confession notice, the Court of Appeals has held, gives "a defendant adequate time to prepare his case for questioning the voluntariness of a confession * * * permits an orderly hearing and determination of the issue of the fact and voluntariness of statements before trial * * * [and] affords defense counsel an opportunity, prior to trial, to investigate the circumstances of the alleged fact and voluntariness of the purported statements and prepare the defense accordingly” (People v Briggs, 38 NY2d 319, 322-323 [1975]). The service of pretrial notice in identification cases accomplishes similar objectives.
Since the People claim that a mistake was made in serving identification notice in this case, they may now withdraw it. The defense has not been prejudiced in any way by the mistaken service of notice. The People, moreover, will face the sanction of preclusion if they withdraw notice and the trial evidence demonstrates that the identification evidence does, in fact, come within the purview of CPL 710.20 (CPL 710.30 [3].) The People should, therefore, be sure of their position, since an order precluding the undercover police officer's identification evidence would not be appealable and would probably result in a dismissal of all charges.
Thus, the court holds that the motion to suppress is summarily denied on the condition that the People do explicitly what they have done implicitly — withdraw identification notice previously served pursuant to CPL 710.20 (6). If this notice is not withdrawn, the court will take it as given that the People intend to offer evidence covered by CPL 710.20. A Wade hearing will then be mandated. The People have 10 days from the date of this decision to notify the defendant and the court of their election.

 McKinney’s Consolidated Laws of NY, Book 11A, CPL 710.60 (1987 Pocket Part), p 43 erroneously lists the effective date of the law as August 2, 1986. That is the date the law was approved, but the effective date is November 1, 1986. (L 1986, ch 776, § 2.)