**STATE of Missouri, Respondent,**

v.

**Michael NELSON, Appellant.**

No. 51974.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 4, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 2, 1987.

Application to Transfer Denied
Oct. 13, 1987.

David Hemingway, Beth S. Ferguson, Asst. Public Defenders, St. Louis, for appellant.

William L. Webster, Atty. Gen., Karl Findorff, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for two counts of the sale of heroin. Defendant was sentenced as a prior drug offender to two concurrent terms of thirty years' imprisonment without the possibility of probation or parole. We affirm.

Defendant asserts a denial of his sixth amendment right to counsel at a one-on-one identification procedure at the police station by the undercover police officers who had bought the heroin from defendant and

claims any identification should have been excluded. Defendant alleges the identification of defendant by the police officers should also have been excluded as being the result of unduly suggestive police procedures. Defendant also alleges the trial court erred in not allowing comment during closing argument on the alleged demotion of the undercover officer who bought the heroin.

On April 5, 1984, Officer Ranciville and his partner, Detective Gardner, went to the intersection of Spring and St. Louis Avenues in St. Louis City in response to a citizen complaint about the sale of heroin. As Gardner remained in the unmarked police car as backup, Ranciville walked to the intersection and bought heroin from defendant and another man. As is common police procedure, the undercover police officers did not arrest defendant at that time. The intention is to try to make several purchases and to hope to get to higher level drug pushers. To get a name to go along with the face of the drug seller, however, the undercover police officers will call other police officers after a purchase to have them stop the seller to get identification.

In the present case, the officers who were going to stop defendant did not have to question defendant to obtain his name. One of the officers recognized defendant from a previous incident. Later that evening, Ranciville and Gardner looked at a picture of defendant to make sure they were talking about the same person.

On April 30, 1984, Ranciville again made a purchase of heroin from defendant at the same location. Gardner again watched as backup. Defendant was not arrested after this sale either.

In July, the information was sent to the grand jury and indictments were issued. In September, the police department arrested around one hundred people based on its undercover operations. In order not to blow the cover of the undercover officers, other police officers made the arrests. On the day defendant was arrested, Ranciville and Gardner viewed approximately fifteen arrestees through a one-way mirror to make sure the proper persons were arrested. These people were brought in individually and were not a part of a lineup. There was no counsel for defendant present.

■ Defendant claims an accused is entitled to counsel at any "critical stage" of the prosecution and that a post-indictment identification procedure is such a "critical stage." *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). *Wade* is not applicable to a situation as appears in this case where the identification is not to decide which person was the drug seller but to make sure the arrest warrant was served on the correct person.

On April 5, 1984, Ranciville, during daylight hours, saw defendant for five to ten minutes at a distance of five feet. At the same time, Gardner had a clear view of defendant from the parked police car. On April 30, 1984, Ranciville and Gardner again had a clear view and recognized the defendant. From April 5, 1984 through April 30, 1984, Ranciville saw and recognized defendant at the same corner on several occasions. Ranciville also saw and recognized the defendant in the same area several times after April 30, 1984. Gardner saw the defendant on several other occasions while passing through the area. At the time of the September 16, 1984 confrontation, Ranciville and Gardner well knew defendant. Because of the "sweep," the primary purpose of the confrontation was to confirm the arrest of the right person since an undercover drug agent should not make an arrest for fear of being identified. *See People v. Stanton*, 108 A.D.2d 688, 485 N.Y.S.2d 998 (1985).

■ Defendant also asserts a violation of his fourteenth amendment due process rights occurred on April 5, 1984, by the photographic identification of defendant by Ranciville after being shown a picture of defendant and his accomplice by other police officers. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *State v. Thomas*, 705 S.W.2d 579, 582 (Mo.App.1986). Ranciville was involved in an undercover drug operation. He saw defendant for several minutes on April 5, 1984, along with defendant's ac-

complice. Other police officers showed him a picture of defendant and his accomplice during the evening of the same day. A sufficient reliable identification was made of defendant. *State v. Story*, 646 S.W.2d 68, 71–72 (Mo. banc 1983).

Finally, defendant suggests reversible error when the trial court refused to permit his lawyer to argue Ranciville's apparent demotion in rank was evidence to be considered on Ranciville's credibility. Ranciville was a detective in the narcotics division at the time of arrest and an officer in the Seventh District at the time of trial. In closing argument, defense counsel stated, "You know that Officer Ranciville is less than a detective." The objection was that there was no evidence. Whether or not a rank of officer is less than a rank of detective was not in evidence. The trial court has broad discretion and latitude in controlling closing argument and did not abuse that discretion by prohibiting argument dehors the record. *State v. Givens*, 719 S.W.2d 25, 28 [4] (Mo.App.1986).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.