■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BROWN, Appellant

On January 16, 1985, at approximately 7:50 P.M., the complainant was in the lobby of his apartment building when two men approached him from behind. He turned around and saw one of the men, whom he later identified as defendant herein. While defendant grabbed the complainant and slapped him across the mouth, the second man pulled down his pants and removed his wallet. The complainant thereupon called for his wife. Defendant warned him to "shut up" and punched him in the face and eyes. The perpetrators fled as soon as the complainant's wife opened the door to their apartment. The complainant immediately reported the incident to the police and identified defendant about 30 minutes later in a video game parlor after which defendant and another man were arrested.

Defendant subsequently moved to suppress the identification resulting from the video game parlor showup. A *Wade* hearing ensued, following which the Trial Judge denied the motion. A bench trial then took place, and defendant was convicted of two counts of second degree robbery. On appeal, he initially challenged the admissibility of the identification testimony against him as unduly suggestive and, moreover, as being insufficient to prove beyond a reasonable doubt his identity as one of the robbers. However, during the oral argument of the instant case, defendant's counsel requested this court's permission to file a supplemental brief in view of two recent opinions of the Court of Appeals, *People v O'Doherty* (70 NY2d 479) and *People v Boughton* (70 NY2d 854), which application was granted.

The issue raised in the supplemental brief involves the admissibility of a statement made by defendant in the video game parlor prior to the showup. In that regard, after Police Officer Daniel Mahony and his partner received a radio transmission reporting a robbery committed by two slim black men, 19 to 20 years of age, about 5 feet, 8 inches in height who were wearing black jackets, they searched the area for the suspects. In the course of that search, the officers entered a video game room where they observed about seven young men, two of whom fit the description of the perpetrators. Officer Mahony asked one of the men, defendant herein, how long he had been in the game room, and defendant replied

that he had just gotten there. In response to the same question, the second suspect stated that he had been on the premises for a while. Officer Mahony told both of the men to "hang loose" and "relax". He did not write down either of the statements. Officer Mahony radioed to have another car bring the victim to the video room. When the complainant arrived, everyone in the game room was standing in the main room. He walked straight over to defendant and identified him; he also identified the second suspect.

During the *Wade* hearing, as Officer Mahony was relating the foregoing scenario, defense counsel objected to the officer's testimony concerning defendant's response to being asked how long he had been in the game room. According to defendant's lawyer at that time: "I don't have notice of any statement that can be used in this matter. In the voluntary disclosure form, I was provided with a general statement that my client had made, an exculpatory statement, the full details would be provided to me later."

The objection was overruled. In a colloquy following Officer Mahony's testimony, defendant's attorney reiterated that he had never been provided with any statement notice and that the People should, therefore, be precluded from introducing the statement. Discussions concerning this issue continued the next day at which time the defense attorney acknowledged that while CPL 710.30 (2) authorized the filing of a late notice for "good cause shown", the prosecutor had failed to demonstrate such good cause. The parties then debated the subject some more until the court eventually denied defendant's motion to preclude. At that point, defense counsel requested that Officer Mahony return to the stand to address the *Huntley* issue. Both attorneys then questioned the officer. According to Officer Mahony, he had not asked defendant anything else nor had he given him any *Miranda* warnings. He also claimed that defendant and the other suspect had been free to leave. The officer further testified that neither man had objected to waiting until the complainant arrived. In denying the motion to suppress, the court concluded: "The first issue raised was whether or not under section 710.30 timely notice was given to the defendant. The Court has been provided with several cases in which it is indicated, and I think counsel for the defense agrees, that absent bad faith, which I think was demonstrated, was not bad faith in this case, the People can serve notice anytime up to and during even the trial in which a hearing can be provided for to cure this defect. Notice has been served, and we have had the hearing. I don't think that

counsel has been prejudiced in any way, and therefore, I rule that this matter is mute *[sic]*, and we can proceed with the hearing. This other phase of our hearing, regarding the statement made by the defendant in which he said, I just got here. Essentially that statement was made when the defendant was not in custodial custody and it was basically a non-custodial interrogation. The People have the right, the police have the right to inquire with a minimum of intrusion into the liberty of a defendant where there is reasonable cause."

Defendant now contends that the motion to preclude was improperly denied since the prosecution had not advised him of its intention to introduce as evidence of his statement to Officer Mahony that he had just arrived at the video game parlor and, in addition, had not demonstrated good cause for the late notice. In response, the People argue that CPL 710.30 is inapplicable to the situation herein because defendant's reply to the officer's query, "How long have you been here?" was not the product of custodial interrogation, and, therefore, the statement was not suppressible. Certainly, defendant had not yet been identified as one of the perpetrators, and there was no probable cause for detaining him at the time he answered Officer Mahony's question. Thus, there is no indication that the trial court's fact finding was erroneous. The difficulty with the People's reasoning, however, lies in its attempt to justify the failure to comply with the mandate of CPL 710.30 by the outcome of the hearing.

The fact that the court ultimately ruled that defendant's statement was not made while he was in custody is simply irrelevant. CPL 710.30 (1) requires that the District Attorney serve notice within 15 days after arraignment and before trial "[w]henever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible". Whether or not a particular statement is suppressible is a matter which must be resolved by the court, not the prosecution. As the Court of Appeals aptly observed in *People v O'Doherty (supra,* at 488), the primary purpose of CPL 710.30 is to afford a defendant the opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him. Unless the People provide the appropriate notice, the defendant's attorney may not be aware of the existence of a statement concerning which a suppression motion should be submitted. Accordingly, the defendant would be deprived of his right to procure a determination as to whether he was in custody when he made the disputed state-

ment and, therefore, whether that statement must be suppressed. Clearly, if the defendant would even arguably be entitled to a pretrial hearing, the statutory notice must be supplied regardless of the District Attorney's personal opinion that the defendant had not been subjected to custodial interrogation and regardless of the fact that, following a hearing, the trial court might reach the same conclusion. The admissibility of the statement in question is exclusively for the court to decide. Therefore, the People were under a statutory obligation in the present case to give timely notice, and this is the case notwithstanding that defendant has not suffered any prejudice thereby. The only exception to the prosecution's duty to serve a notice within the statutorily prescribed 15-day period is if good cause can be shown for late notice (People v O'Doherty, supra). It is undisputed that no such good cause was present here.

However, there is merit to the People's assertion that even if admission of defendant's statement violated CPL 710.30, the error was harmless. The evidence of defendant's guilt was overwhelming. He was observed at close range in a well-lit hallway by the complainant, who expressed his absolute conviction that defendant was the man who had robbed and beaten him, testifying that he was "100 percent sure" of his identification. Since the complainant had not seen the second perpetrator's face, he was unable to identify the other suspect with the same degree of certainty. Defendant also matched in all respects the description furnished by the complainant. In addition, the statement involved was not by itself an admission of guilt; it merely permitted the jury to conclude that defendant's presence in the video game parlor did not constitute an alibi and that, absent any other evidence concerning his whereabouts at the time of the offense, he could have been at the crime scene. Consequently, the situation herein is materially different from that in People v O'Doherty (supra), where the victim's identification was weak and the defendant's statement to the police was tantamount to a confession. We have considered defendant's other arguments and find them to be without merit. Concur—Sandler, J. P., Carro, Asch and Milonas, JJ.