OPINION OF THE COURT
Thomas B. Galligan, J.
The defendant, Bradley Rolison, has moved to preclude in-court identification testimony on the ground that the prosecution has failed to comply with its statutory obligation pursuant to CPL 710.30 to provide the defense with identification notice within 15 days of arraignment (see, People v McMullin, 70 NY2d 855; People v Bernier, 141 AD2d 750 [2d Dept 1988]).
The prosecution concedes that notice was not served within the 15-day mandate of the statute.
However, they argue that notice was not required because *319 the subject identification was confirmatory in nature and therefore not subject to the provisions of CPL 710.30. (See, People v Morales, 37 NY2d 262; People v Gissendanner, 48 NY2d 543.)
The facts, insofar as this motion is concerned, are not in dispute. On March 14,1988 Police Officer Scott McKeon, while on radio motor patrol, observed defendant inside a 1985 Toyota automobile. Officer McKeon sought to stop defendant and an auto chase ensued concluding with the apprehension of the defendant by other police shortly thereafter in the immediate vicinity of the Toyota.
Officer McKeon arrived on the scene and identified defendant as the person whom he had seen seated in the car. The defendant was arrested and charged with criminal possession of stolen property in the third degree.
Defendant’s motion to preclude requires a two-pronged analysis; first, whether the identification in issue was a confirmation and second, if so, does that relieve the prosecution of the notice obligation contained in CPL 710.30.
People v Morales (supra, at 271) recognized that a police officer is "not the ordinary witness to a crime.” The court found that the observation of criminal activity is a police officer’s job. "He [is] trained and experienced for precisely such a role. His objective [is] the detection of criminal activity and the apprehension and conviction of the perpetrator. He [can] be expected to make careful observations of the appearance and activities of the suspect, focused all the more by the consciousness of his future need to make a detailed in-court identification. A second viewing by him would not bear the burden of the caveats involved in one by a nonprofessional.” (Supra, at 271.)
While the Morales line of cases typically involves confirmations by undercover police officers, the logic of the opinion has not been limited to undercover officers (People v Snow, 128 AD2d 564 [2d Dept]).
I find that the People’s offer of proof in this case fits the Morales reasoning squarely. Officer McKeon, a trained professional engaged in his work at the time he observed the defendant, pursued the defendant, losing sight of him only briefly before the defendant was arrested. His subsequent confirmation minutes later was not an identification as such, but rather to assure that his brother officers had stopped the right man. Accordingly, this procedure was confirmatory in *320 nature and not a proper subject for a pretrial motion to suppress. (People v Morales, supra; People v Gissendanner, supra, at 552; see also, People v Tas, 51 NY2d 915; People v Stanton, 108 AD2d 688; People v Leacraft, 128 AD2d 640.)
Defendant argues, however, that the terms of CPL 710.30 require that notice be served notwithstanding that the procedure in question was a confirmatory one.
An analysis of this issue must begin with the language of the statute itself. CPL 710.30 states, in pertinent part:
"1. Whenever the people intend to offer at a trial * * * (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.
"2. Such notice must be served within fifteen days after arraignment and before trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial, pursuant to subdivision one of section 710.40, to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice, thereafter and in such case it must accord the defendant reasonable opportunity thereafter to make a suppression motion.”
The plain language of this statute, defendant maintains, is applicable to all witnesses — police officer or civilian — and permits only one exception to the 15-day notice requirement, that being "[f]or good cause shown”.
In forwarding this argument, defendant seeks to extend the reasoning of People v Brown (140 AD2d 266 [1st Dept 1988]). In that case the defense sought to preclude admission of a statement on the ground that timely notice of the statement had not been given under CPL 710.30. The prosecution contended that the statute was inapplicable because the statement in issue had not been the product of custodial interrogation and therefore was not suppressible.
The Appellate Division ruled, however, that notice was required, holding: "[c]learly, if the defendant would even arguably be entitled to a pretrial hearing, the statutory notice must be supplied regardless of the District Attorney’s personal opinion * * * and regardless of the fact that, following a *321 hearing, the trial court might reach the same conclusion.” (Supra, at 270.)
It follows, defendant argues, that the decision as to whether a given circumstance constitutes a confirmation is a legal one and must be reserved for the court, not the prosecutor.
I find, however, that the holding in People v Brown (supra) is inapposite to the facts at hand. It is distinguishable on its face because it addresses statements notice and not identification. This is a distinction of substance because statements, for all purposes, come within the ambit of CPL 710.30 whereas confirmations have been judicially construed as not being identification procedures within the "intendment of the statute” (People v Gissendanner, supra, at 552; People v Stanton, supra; cf., People v Morales, supra; but see, People v Naranjo, 140 Misc 2d 43 [Sup Ct, NY County, May 26, 1988, Berkman, J.]).
Distinction must be made between pretrial preclusion of identification testimony and potential preclusion of such testimony at trial. The People "will face the sanction of preclusion if * * * the trial evidence demonstrates that the identification evidence does, in fact, come within the purview of CPL 710.20 (CPL 710.30 [3]).” (People v Doyle, 134 Misc 2d 338, 342.)
Accordingly, I conclude that notice pursuant to CPL 710.30 was not required and the pretrial motion to preclude potential in-court identification is denied.