■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFREN ECHEVARRIA, Appellant.—Judgment, Supreme Court, New York County (Edward McLauglin, J.), rendered April 22, 1987, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and sentencing him to an indeterminate term of imprisonment of 25 years to life, unanimously affirmed.

This appeal arose after defendant was convicted of selling more than six ounces of heroin to a confidential informant for the Drug Enforcement Agency.

It was not an improvident exercise of discretion for the Supreme Court, after conducting a hearing, to have closed the courtroom to the public during the trial testimony of the confidential informant (People v Glover, 57 NY2d 61; cf., People v Jones, 47 NY2d 409, cert denied 444 US 946; People v Cordero, 150 AD2d 258, affd 75 NY2d 757). At the hearing, the informant testified that he feared for his safety, that he had been threatened by defendant and that he was still active in a number of investigations, the targets of which were likely out on bail. The People also submitted an affidavit in which they confirmed the role played by the informant in the ongoing investigations and added that his testimony in open court would effectively impede his usefulness as an informant.

Nor was it error to deny defendant's request for an agency charge. No reasonable view of the evidence in this case permits the inference that defendant acted as anything other than a principal in the drug sales (People v Argibay, 45 NY2d 45, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930; People v Dore, 129 AD2d 992; cf., People v Roche, 45 NY2d 78, cert denied 439 US 958).

Finally, we find that defendant's sentence was neither unduly harsh nor excessive. Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ.