■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON WHARTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 1, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, no reasonable view of the evidence supports the inference that the defendant acted as an instrumentality of the buyer *(People v Argibay,* 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Roche,* 45 NY2d 78, 86, *cert denied* 439 US 958; *People v Kirk,* 143 AD2d 683). The testimony adduced at trial by the undercover officers established that the defendant initiated the narcotics transaction, that he demonstrated an independent interest to promote the transaction, and that he exhibited salesmanlike behavior. Consequently, the court's failure to charge the agency defense did not constitute reversible error *(cf., People v Bryant,* 106 AD2d 650).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant sold the narcotics to the undercover officers, and that he acted with the requisite mental culpability for the commission of the crimes with which he was charged.

Moreover, we find that the court properly denied the defendant's motion to preclude identification testimony by the undercover officers on the ground that the People failed to give proper notice of this testimony pursuant to CPL 710.30 (1)(b). The record reveals that the officers' prior identification, of the defendant was confirmatory, and therefore did not fall within the intendment of the statute *(see, People v Gissendanner,* 48 NY2d 543; *People v Morales,* 37 NY2d 262, 271; *People v Duffy,* 152 AD2d 704).

We have examined the defendant's remaining contentions, including his claim that his sentence was excessive, and find them to be without merit. Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.