■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY BUDHAI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 5, 1990, convicting him of robbery in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The amendment of the indictment to reflect that the defendant and his codefendant acted in concert with additional unnamed individuals did not change the theory of the case or unduly prejudice the defendant. The amendment was consistent with the initial theory, of which the defendant had notice, that he acted with another to commit a robbery. The change to reflect evidence that other individuals stood behind the victim while the robbery occurred did not materially alter that theory (CPL 200.70; see, People v Treuber, 64 NY2d 817).

In addition, we find that the court properly denied the defendant's motion to preclude identification testimony on the ground that the People failed to give proper notice of the testimony pursuant to CPL 710.30 (1) (b). The jewelry store clerk who identified the defendant as the person from whom he purchased the gold chain taken from the complainant knew the defendant from the neighborhood, having seen him more than 10 times. Where the witness and the defendant are known to one another, it is not the kind of situation ordinarily burdened or compromised by forbidden suggestiveness and CPL 710.30 is not implicated (People v Cherney, 179 AD2d 938; see, People v Wharton, 177 AD2d 730; People v Williamson, 79 NY2d 799; People v Wharton, 74 NY2d 921; People v Tas, 51 NY2d 915). Indeed, because the witness knew the defendant, there was no danger that the showup and photographic identifications would taint the witness's in-court identification of the defendant. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.