■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO MIRANDA, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered April 22, 1987, convicting defendant, after jury trial, of criminal sale of a controlled substance in the first degree, and sentencing him to a term of imprisonment of 25 years to life, unanimously modified to reduce the sentence to a term of 17 years to life, and otherwise affirmed.

Defendant and codefendants Efren Echevarria and Miguel Rondon were jointly indicted and tried for acting in concert in the sale of over six ounces of heroin to an undercover police officer participating in a "buy and bust" operation facilitated by a confidential informant.

Evidence at trial was that defendant took an active and knowing part in the drug transaction by driving, with codefen-

dant Rondon, to the scene of the actual exchange of drugs for prerecorded buy money, conferring regularly with codefendant Echevarria during the extended negotiations which occurred both in Brooklyn and Manhattan, guarding the drugs and acting as lookout at the scene of the transfer, and actually producing the drugs from within the locked automobile used for the transport of the drugs to the scene of the exchange.

Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt of criminal sale of a controlled substance in the first degree was amply supported by the evidence *(see, People v Bleakley,* 69 NY2d 490). Defendant's argument that the trial court erred in closing the courtroom during the testimony of the confidential informant was previously rejected by this court in deciding the appeals of the codefendants *(People v Rondon,* 149 AD2d 991, *lv denied* 74 NY2d 951; *People v Echevarria,* 161 AD2d 449, *lv denied* 76 NY2d 855).

Contrary to defendant's claim, there is no indication in the record that his counsel's cross-examination of a prosecution witness was in any way impeded by that witness' unsolicited advice to the prosecutor, following direct examination, that she intended to refresh her recollection on a point of testimony, not even involving defendant, upon which she believed she might have been mistaken. Nor, indeed, is there indication that there was any "consultation" at all between the prosecutor and the witness *(cf., People v Enrique,* 165 AD2d 13, 17, *lv granted* 77 NY2d 912).

We find that the imposition of the maximum sentence permitted by statute, 25 years to life, on this now 60 year old defendant, who had one prior felony conviction, was, in the circumstances, excessive and accordingly we reduce it to 17 years to life. Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Rubin, JJ.