■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD WILLIAMS, Appellant. [594 NYS2d 352] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 12, 1989, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the court properly denied his motion to preclude the testimony of an officer, who identified the defendant after he was arrested,

on the ground that the People failed to give notice of this testimony pursuant to CPL 710.30 (1) (b). The officer's identification of the defendant was merely confirmatory in nature and, therefore, not within the scope of pretrial identifications necessitating CPL 710.30 notice (see, People v Jackson, 167 AD2d 420, 420-421; People v Duffy, 152 AD2d 704; see also, People v Wharton, 177 AD2d 730; People v Rolison, 141 Misc 2d 318).

Moreover, the admission of and various references to the officer's testimony regarding the defendant's alleged pointing of a gun at him during the pursuit, for which the defendant was not charged in the indictment, did not constitute reversible error. This evidence was integral in linking the defendant to the gun he had purportedly used during the robbery. The gun was subsequently found in a yard into which the officer had observed the defendant enter minutes before he was apprehended (see, People v Ventimiglia, 52 NY2d 350, 361; People v Vails, 43 NY2d 364, 369). In addition, any potential prejudice that the defendant might have incurred from the admission of this testimony was minimized by the court's detailed instruction during its jury charge that this evidence was relevant to the defendant's consciousness of guilt. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.