■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PARKER, Appellant. [598 NYS2d 490] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered May 10, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and sentencing him to concurrent terms of 1 to 3 years, unanimously reversed, on the law, and the matter is remanded for a new trial.

Defendant was arrested pursuant to a "buy and bust" operation in which he sold two vials of cocaine to an undercover police officer. The prosecutor moved to close the courtroom for the testimony of the undercover officer on the ground that his life would be put in danger if he "was known to the general public by way of people coming in and out of the

courtroom." The prosecutor represented that the undercover officer was still actively engaged in undercover activity and that some of these activities took place within the immediate vicinity of defendant's arrest. Defense counsel opposed the application, pointing out that she had seen the undercover officer walking in the court hall with the Assistant District Attorney that day and "if he's truly in fear for his safety, I don't believe he would be seen walking with an Assistant District Attorney in the courthouse, coming across the street with the Assistant District Attorney."

In response to these arguments, the court first noted that there is distinction between walking in the streets with the prosecutor and testifying under oath "for all the world to hear" that he was an undercover officer. The court remarked that the undercover officer was "operating day to day in the most deadly situation imaginable * * * the South Bronx drug scene * * * [where] undercover officers are certainly in grave danger of being blown away if the drug dealers know that they're undercover officers." While acknowledging that defendant had a fundamental right to have an open trial, the court indicated that it did not see how defendant would be deprived of his rights "if we protect the undercover's identity from potential drug dealers who can walk into this courtroom, identify him out in the street and wait for him and kill him."

After the prosecutor affirmed that he would be able to lay a foundation for closure of the courtroom when the undercover officer took the stand, the court granted the application to close the courtroom over defendant's exception. Just before the undercover officer took the stand, the prosecutor renewed his application to seal the courtroom and indicated that he could call the undercover officer to question him about his undercover activity. However, the court closed the courtroom, over defense objection, without first requiring the prosecutor to question the undercover officer regarding his undercover activities.

On appeal, defendant argues that the court's closure of the courtroom during the undercover officer's testimony, based solely upon the prosecutor's allegations that the officer's life would be endangered by a public trial and without any prior inquiry of the officer himself, violated his constitutional and statutory right to a public trial (US Const 6th, 14th Amends; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones,* 47 NY2d 409). We agree.

It is well established that a trial may be closed during the

testimony of an undercover agent whose public appearance would endanger his life or seriously damage other investigations *(People v Jones, supra,* at 414). While a trial court has discretion to choose among alternative means for determining whether an application to close a courtroom is meritorious, such determination may only be made after "an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" *(supra,* at 414-415).

The trial court did not conduct an inquiry "reasonably directed to the ascertainment of whether public testimony by [the undercover officer] would threaten his safety" *(supra,* at 415). First, the prosecutor's representation that the safety of the undercover officer would be threatened because he was still engaged in undercover narcotics activity, and some of these activities took him to the vicinity of defendant's arrest, was not an adequate basis for the court to conclude that closure of the courtroom was necessary to protect the officer's safety. Whereas our holdings are legion that an undercover officer's testimony to this effect does provide the trial court with adequate grounds to close the courtroom *(see, e.g., People v Santos,* 154 AD2d 284, *lv denied* 75 NY2d 817), a prosecutor's unsubstantiated allegations are clearly insufficient *(People v Cordero,* 150 AD2d 258, *affd* 75 NY2d 757). Second, the court's conclusion that the safety of the undercover officer was threatened because drug dealers in the South Bronx will not hesitate to murder undercover officers amounted to an "unparticularized impression[ ] of the vicissitudes of undercover narcotics work in general" *(People v Jones, supra,* at 415).

In the absence of an inquiry directed at the undercover officer himself, or at least a particularized finding that the officer's safety would be endangered by testifying in public, closure of the courtroom was improper *(People v Gross,* 179 AD2d 138, *lv denied* 80 NY2d 832). Furthermore, contrary to the People's argument, under the circumstances in this case, defendant's argument is preserved for appellate review. In opposing the People's application, defendant did not merely register a general objection, but pointed out that the court's generalizations concerning the dangers of undercover work were "mere hypothesis". Thus, defendant made it clear that he objected to the court's unparticularized findings. Furthermore, defense counsel attempted to rebut the prosecutor's assertion that the officer feared for his safety by pointing out that she had seen the undercover officer walking in public

with the prosecutor *(compare, People v Pollock,* 50 NY2d 547, 550 [not error to close courtroom on basis of prosecutor's representation that witness was still undercover when defense counsel did not request a hearing or dispute People's contention that a public appearance would expose witness to danger]).

In light of the foregoing, we do not reach defendant's contention that he was deprived of his right to be present at a material stage of the proceedings by virtue of his absence at a *Sandoval* hearing. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Kassal, JJ.