OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed.
The trial court was correct in denying defendants’ motion to preclude evidence relating to the victim’s identification of the defendants as his assailants on the ground that the People had failed to give notice to defense counsel prior to its use. (See CPL 710.30.) As the Appellate Division noted, the victim and the defendants were inmates in the same tier of cells for a period prior to the attack of at least one month and, although the victim may not have known their particular names, he was familiar with the defendants as individuals. Since the participants in the incident —the victim and the perpetrators — were known to each other, there was no “identification” within the meaning of CPL 710.30 (People v Gissendanner, 48 NY2d 543, 552) and no prior notice need have been given by the People.
It was also proper for the trial court, under the circumstances present here, to admit evidence of a previous assault by defendants against another prisoner as to the issue of consent by the complaining witness and force used against him. By raising the question whether the complainant consented to the acts of sodomy, the defense put in issue the aspect of force as an element of the crime charged. (See Penal Law, § 130.50.) In establishing lack of consent, the People properly could introduce evidence which was probative of the victim’s state of mind at the time of the attack. (See People v Yannucci, 283 NY 546, 549-550; cf. People v Miller, 39 NY2d 543; see, generally, People v Santarelli, 49 NY2d 241; Richardson, Evidence [10th ed], § 170.) Testimony concerning the prior assault on another prisoner in the victim’s presence which occurred just minutes before the attack on the victim and was participated in by both *917 defendants, was admissible as it was highly relevant in establishing the victim’s fear and, thus, force as an element of the crime charged. Similarly, when defense counsel sought to impeach the victim’s testimony by contending that the other victimized prisoner had failed to report the assault visited upon him, evidence consisting of the other victim’s hospital records and photographs depicting the injuries sustained by him arising from the assault by the defendants properly was admitted in order to establish the forcible nature of the crime charged in this case.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
In each case: Order affirmed in a memorandum.