THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES LEE, Respondent.

Second Department, July 9, 1984

APPEARANCES OF COUNSEL

*John J. Santucci, District Attorney* (*Thelma Lee* of counsel), for appellant.

*James P. Harding* for respondent.

OPINION OF THE COURT

*Per Curiam.*

In this case, defendant was indicted and tried for two counts of robbery, under virtually identical theories. The first count charged defendant with robbery in the second degree, alleging that "[t]he defendant acting in concert with another person on or about April 10, 1981 * * * being aided by another person actually present, forcibly stole certain property, to wit: A gold necklace" from complainant. The second count charged defendant with robbery in the third degree, alleging that "[t]he defendant acting in concert with other persons on or about April 10, 1981 * * *

forcibly stole certain property, to wit: A gold necklace" from complainant.

At trial, the complainant testified that on April 10, 1981, she was stopped on the street by the defendant and two other individuals, not apprehended; defendant pushed her against a wall and restrained her while another person tore a gold chain from her neck. Thus, in order to convict the defendant on either count, it was necessary for the jury to find that he was acting in concert with and aided by another person actually present.

The jury acquitted defendant of robbery in the second degree, but convicted him of robbery in the third degree. Thereafter, the Trial Judge granted the defendant's motion to set aside the jury verdict insofar as it adjudged him guilty of robbery in the third degree.

While we agree with the Trial Judge that on the testimony adduced and in the light of the court's charge, there was no perceivable distinction between the two counts of robbery, nevertheless, the failure of defense counsel to request a charge to the effect that an acquittal of robbery in the second degree would require an acquittal of robbery in the third degree (*People v Cole*, 35 NY2d 911, 912), or to move to set aside the verdict prior to the discharge of the jury (*People v Satloff*, 56 NY2d 745, 746; *People v Stahl*, 53 NY2d 1048, 1050; *People v Bruckman*, 46 NY2d 1020, 1021; *People v Parks*, 59 AD2d 543, 544), is fatal to his claim of repugnancy.

Nor do we deem it appropriate in this case to exercise our discretionary power which ordinarily would be available to this court on direct appeal from a judgment of conviction (see CPL 470.15; *People v Cona*, 49 NY2d 26, 33). The record discloses that the possibility of an inconsistent verdict by virtue of the manner in which the indictment was handed down was discussed with counsel by the court just prior to summations. It is clear from the record that defense counsel's failure to request appropriate limiting instructions, with respect to the robbery counts, was not inadvertent, but a matter of trial strategy. In an attempt to invite the jury to compromise on its verdict, he requested, in addition to robbery in the second degree and robbery in the third degree, that the court also charge grand larceny

in the third degree and petit larceny as lesser included counts, requests that the court rejected. Having consciously chosen his path, we decline to exercise our discretion to extricate the defendant from what certainly was a possible foreseeable consequence.

Accordingly, the order granting the defendant's motion to set aside the jury verdict insofar as it adjudged him guilty of robbery in the third degree should be reversed, and the motion denied.

GIBBONS, J. P., O'CONNOR, BOYERS and LAWRENCE, JJ., concur.

Order of the Supreme Court, Queens County, dated March 22, 1982, reversed, on the law, motion denied, jury verdict reinstated and matter remitted to Criminal Term for sentencing.