■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY FLEMING, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 21, 1983, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that his motion to suppress identification testimony was improperly denied. At the suppression hearing, Eustachio Headley testified that defendant, along with codefendant Frank Stevens, entered his bar, armed with guns, on March 20, 1982 at about 8:00 A.M., and announced a stickup. He stated that during the incident, which lasted about 20 minutes, defendant pointed a gun directly at his head and ordered him into the bathroom. There, the two men struggled for the gun and Headley gained control over the gun and shot the defendant. Defendant then fled. Headley testified that, prior to the incident, he had seen both the defendant and the codefendant several times, as they were both patrons at his bar, and that he therefore knew both men by sight. Following the incident, the police arrived, and Headley told them that one of his assailants was Frank Stevens, and that although he knew the other assailant by sight from the area, he did not know his name. Headley also told the police that he had shot one of the assailants. Officer Maffei testified that after receiving a report that a man who had been shot was being treated at Mary Immaculate Hospital, he responded to that location and saw defendant. Maffei then went to Queens General Hospital where Headley was being treated, and asked Headley to accompany him to Mary Immaculate Hospital to look at a man who had been shot. At about 9:30 A.M., Maffei and Headley arrived at Mary Immaculate Hospital, where Headley, upon seeing the defendant, stated "that is him". Maffei then arrested the defendant.

The denial of defendant's motion to suppress Headley's identification of defendant as one of the perpetrators was correct. The hearing court properly found that the procedure used here was

more in the nature of a confirmation rather than an identification, in view of the fact that Headley knew defendant as a patron of the bar, and knew him by sight. Thus, the issue of suggestiveness is not relevant here (see, *People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543; *People v Vargas,* 118 Misc 2d 477; *People v Stevens,* 109 AD2d 856). We also note that the police had probable cause to arrest defendant after Headley identified him as a perpetrator. We reject defendant's claim that his guilt was not proven beyond a reasonable doubt. Finally, we note that defendant's claim that the verdict was repugnant is not preserved for appellate review, in consequence of defense counsel's failure to register any protest concerning this issue prior to the discharge of the jury when the infirmity in the verdicts, if any, might have been remedied by resubmission to the jury for reconsideration of its verdict (see, *People v Satloff,* 56 NY2d 745; *People v Stahl,* 53 NY2d 1048; *People v Lee,* 102 AD2d 540; *People v Stevens, supra*). We have considered defendant's other claims and find them to be without merit. Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.