■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK STEVENS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 20, 1983, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that his motion to suppress identification testimony should have been granted because of suggestive police identification procedures and an illegal arrest. At the suppression hearing, Eustachio Headley testified that defendant, along with codefendant Jerry Fleming entered his bar on March 20, 1982, at about 8:00 A.M., armed with guns, and announced a stickup. Following the incident, the police arrived and Headley told them that Frank Stevens was one of the perpetrators. Headley also told them that he knew the other perpetrator by sight, but did not know his name. Headley testified that prior to the incident he had seen the defendant and codefendant several times at his bar. Defendant was a regular customer. In addition, Headley testified that defendant placed bets with him on several occasions prior to the incident.

Detective Nathaniel Dixon testified at the hearing that after Headley told him that Frank Stevens was one of the perpetrators, he proceeded to defendant's residence. After knocking on the door, he and two other police officers were given permission to enter the home by defendant's brother. The officers informed defendant's brother that they were police officers and then asked if defendant was home. They next asked and received permission to go upstairs and there they arrested defendant. Dixon then contacted Headley and told him that Stevens was in custody and that he wanted him to confirm the identification. When Headley arrived at the precinct, he was directed to look into a room where a man was standing alone, and said, "That's Frank Stevens".

The denial of defendant's motion to suppress Headley's identification of defendant as one of the perpetrators was correct. The hearing court properly found that the procedure used here was more in the nature of a confirmation rather than an identification, in view of the fact that Headley knew defendant as a patron of the bar, had taken bets from him, and had even provided the police with his name. The issue of suggestiveness is thus not relevant here (*see, People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543; *People v Vargas,* 118 Misc 2d 477; *People v Fleming,* 109 AD2d 848). We also note that while the police did not have a warrant when they arrested defendant, the police entry into defendant's home was consensual, and thus, his arrest was lawful (*see, Payton v New York,* 445 US 573; *People v Adams,* 53 NY2d 1, *cert denied* 454 US 854). In any event, we note that an individual is not a "suppressible 'fruit' " so that the illegality of his detention "cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police conduct" (*see, United States v Crews,* 445 US 463, 474). Here Headley's in-court identification of defendant as one of the perpetrators was wholly untainted by defendant's arrest, and was properly admitted into evidence.

We also find, contrary to defendant's claim, that his guilt was proven beyond a reasonable doubt.

Finally, we note that defendant's claim that the verdict was repugnant is not preserved for appellate review, in consequence of defense counsel's failure to register any protest concerning this issue prior to the discharge of the jury when the infirmity in the verdict, if any, might have been remedied by resubmission to the jury for reconsideration of its verdict (*see, People v Satloff,* 56 NY2d 745; *People v Stahl,* 53 NY2d 1048; *People v Lee,* 102 AD2d 540; *People v Fleming, supra*). Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.