■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH INGRAM, Appellant.

Defendant contends that his motion for a mistrial was improperly denied. At his trial, Terry Reyes testified that he was one of a group of people walking with the victim when the victim was fired upon by three gunmen. Reyes testified that, on a previous occasion, he had noticed defendant in the company of the same two individuals defendant was with at the time of the shooting, and he was "positive" that his in-court identification of defendant was correct. On cross-examination Reyes testified that the day after the shooting, when he went to the police precinct to

speak with a detective, he saw defendant "in the cage, locked up". Defense counsel then moved for a mistrial on the ground that the prosecutor had informed him before trial that "there was no showup".

Criminal Term properly denied the motion for a mistrial, noting that defendant was not entitled to a *Wade* hearing because Reyes had known defendant prior to the shooting. The nature of Reyes' testimony was more in the nature of a confirmation than an identification, particularly in light of defendant's testimony that he was present at the shooting, and the issue of suggestiveness was of minimal relevance, if any (*see, People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543; *People v Fleming,* 109 AD2d 848; *People v Stevens,* 109 AD2d 856).

Moreover, two other eyewitnesses, one of whom testified that she was only three feet from defendant when he shot the victim, the other of whom testified that he was right next to the victim when he was killed, positively identified defendant in court as having shot the victim. Thus, apart from Reyes' testimony, there was overwhelming evidence of defendant's guilt. Lazer, J. P., O'Connor, Weinstein and Brown, JJ., concur.