■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA SMALLS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered July 8, 1983, convicting him of criminal sale of a

controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

In determining whether the People have produced legally sufficient evidence to support submission of a criminal charge to the jury, the evidence must be accepted as true (CPL 70.10 [1]). Where every element of the crime charged is established by the People's evidence, it is legally sufficient, and a trial order of dismissal is not authorized (see, People v Sabella, 35 NY2d 158; People v Morello, 92 AD2d 458, affd 61 NY2d 708). There was sufficient evidence of the defendant's dominion and control over the container which held the contraband to warrant submission of the possession count of the indictment to the jury (see, People v Sierra, 45 NY2d 56; People v Harris, 47 AD2d 385; People v Handford, 40 AD2d 529). Accordingly, the trial court properly denied the defendant's trial motion to dismiss since the People provided legally sufficient evidence to establish a prima facie case with respect to both counts (see, Matter of Holtzman v Bonomo, 93 AD2d 574).

The defendant's claim that he was unfairly prejudiced by being required to defend against the charges joined in the indictment is unpreserved (CPL 470.05 [2]). In any event a severance would have been unwarranted since the defendant did not meet his burden of demonstrating good cause to justify granting such relief (see, CPL 200.20 [3]; People v Shapiro, 50 NY2d 747; People v Gilmore, 106 AD2d 399).

The court correctly determined that the People could question the defendant concerning his conviction for armed robbery. It is well settled that a defendant who decides to take the stand and testify in his own behalf may be cross-examined about vicious, criminal or immoral acts which bear on his credibility as a witness if the questions are asked in good faith and with a reasonable factual basis, and the relevance to his credibility outweighs the potential prejudice (see, People v Duffy, 36 NY2d 258, cert denied 423 US 861).

Further, the defendant did not object to the identification testimony at trial and therefore his claim with respect thereto is unpreserved for appellate review (see, CPL 470.05; People v Pellegrino, 60 NY2d 636). In any event, a witness who observes a defendant at the scene of a crime and later observes and recognizes him as the perpetrator may testify as to that subsequent out-of-court identification provided the subsequent identification is constitutionally valid (see, CPL 60.30; People v

*Whipset,* 80 AD2d 986). We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.