THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX COLON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered November 20, 1981, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in admitting evidence concerning a robbery committed about 50 minutes before the crime charged herein. This evidence showed how the murder weapon was obtained and was an important link in the chain of evidence necessary to prove that the defendant had knowledge of his accomplices' plan to attempt the later robbery, which attempt resulted in a death *(see, People v Agront,* 104 AD2d 821; *see, People v Ventimiglia,* 52 NY2d 350, 362; *People v Molineux,* 168 NY 264).

Nor was it error to allow an in-court identification by the victim of the first robbery, notwithstanding that he saw a photograph of defendant while waiting to testify the morning of the trial. This viewing occurred accidentally and was not a police-arranged procedure *(see, People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020, *rearg dismissed* 27 NY2d 733). Moreover, identity was not a seriously contested issue at the trial. Hence, had there been any suggestiveness, it would have been harmless *(People v Gissendanner,* 48 NY2d 543; *People v Crimmins,* 36 NY2d 230; *People v Ingram,* 110 AD2d 852, *lv denied* 66 NY2d 615).

We further find without merit the defendant's claim that CPL 30.30, the statutory "speedy trial" provision, is unconsti-

tutional because it exempts the homicide felonies from the six-month statutory time requirement otherwise applicable to the prosecution of felonies (CPL 30.30 [3]; Penal Law § 125.10 *et seq.; see, People v Mollette,* 87 Misc 2d 236). Moreover, viewing the defendant's speedy trial claim under CPL 30.20 *(see, e.g., People v Taranovich,* 37 NY2d 442, 449; *People v Johnson,* 38 NY2d 271), we find nothing in the record that would support it or that would support the defendant's claim that his trial attorney's failure to bring a speedy trial motion deprived him of the effective assistance of counsel. Any other claim concerning the denial of the defendant's right either to a speedy trial or to the effective assistance of counsel, based on any matters outside the record, is reviewable only by way of a motion pursuant to CPL article 440.

We have considered the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Lawrence, J. P., Rubin, Kooper and Spatt, JJ., concur.