■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BOURNE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered March 7, 1983, convicting him of robbery in the first degree (two counts), robbery in the second degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the defendant did not object to the introduction into evidence of a photograph of a lineup, his claim with respect thereto is unpreserved for appellate review *(see,* CPL 470.05; *People v Pellegrino,* 60 NY2d 636). In any event, a witness who observes a defendant at the scene of a crime and later observes and recognizes him as the perpetrator may testify as to that subsequent out-of-court identification, provided that the subsequent identification is constitutionally valid *(see,* CPL 60.30; *People v Smalls,* 121 AD2d 579; *People v Whipset,* 80 AD2d 986). The introduction of a photograph of such a lineup was not prejudicial as the defendant was previously known to two of the prosecution eyewitnesses and identification was not in issue *(see, People v Ingram,* 110 AD2d 852, *lv denied* 66 NY2d 615). Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. BREWTON, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Suffolk County (Namm, J.), imposed January 6, 1988.

Ordered that the sentence is affirmed.

Contrary to the defendant's contention, the sentence imposed—to which he agreed as part of his plea bargain arrangement—was neither harsh nor excessive under the circumstances. Mollen, P. J., Brown, Kunzeman, Weinstein and Kooper, JJ., concur.