■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PADGETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered September 5, 1985, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statement to the police.

Ordered that the judgment is modified, on the law, by reversing the conviction of assault in the second degree,

vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

As the hearing evidence showed that the eyewitness and the defendant knew each other from the neighborhood prior to the commission of the offense *(see, People v Fleming,* 109 AD2d 848; *People v Charles,* 111 AD2d 405), the issue of the suggestiveness of identification procedures is not relevant *(see, People v Fleming, supra,* at 849). The denial of that branch of the defendant's omnibus motion which was to suppress the eyewitness' in-court identification was correct.

The hearing court also correctly denied that branch of defendant's omnibus motion that was to suppress his statement. The statement was not the product of either direct or indirect police questioning and was spontaneous *(see, People v Rivers,* 56 NY2d 476, *rearg denied* 57 NY2d 775).

We agree that the evidence was not legally sufficient to establish the defendant's guilt on the charge of assault in the second degree. The evidence was uncontroverted that the defendant was out the door of the restaurant when the co-perpetrator, standing in the restaurant approximately 20 feet from the door, suddenly turned around and fired his gun at the complaining witness. This record does not support the jury's finding that the defendant possessed the intent to cause physical injury to the complaining witness *(People v Bray,* 99 AD2d 470).

We have reviewed the defendant's other claims, including those raised in his supplemental *pro se* brief, and find them to be without merit. Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.