OPINION OF THE COURT
Jack Mackston, J.
The People’s application to withdraw their consent to a Wade hearing is granted, and defendant’s request to suppress *484 identification testimony, pursuant to CPL 710.30, is denied without a hearing on the grounds that the photopak viewing was a confirmatory procedure.
BACKGROUND
On the day scheduled for a Wade hearing, the People, in open court, moved to withdraw their prior stipulated consent to a hearing claiming that the eyewitness knew defendant and therefore the photopak display was merely confirmatory. Defendant objected contending he was, in any event, entitled to a Wade hearing or in the alternative, a preliminary hearing to test the witness’ prior knowledge of defendant. The court requested that both sides submit memoranda in support of their positions.
MOTION PAPERS
The People’s papers include copies of transcripts of the eyewitness’ prior testimony given before the Grand Jury and at a felony examination as well as a copy of her sworn written deposition (Form 32-B) given to the police 3 Vi hours after the criminal transaction and five days prior to her viewing a photopak in which she identified the defendant.
In her deposition (added to the motion papers by consent Oct. 20, 1989), the eyewitness stated: "I looked out my back window and I saw a man in my neighbors [sic] house. * * * I yelled to him, T see you, I know who you are, put that down’. * * * I further wish to state * * * that I know the fellow that broke into my neighbors [sic] house as he lives on the same street as me. I know him to be Donald Evans.” At page 13 of the felony examination minutes she answered during cross-examination as follows:
"the court: It’s alright, Mrs. Anderson. When did you first determine it was the defendant, Donald Evans?
"the witness: When I saw his face coming out the window.” and at page 5 thereof, during direct examination:
"the court: Do you know the individual sitting at the counsel table?
"the witness: I’ve seen him many, many times, yes, um, um.”
Defendant’s papers, which consist of the affirmations of defendant’s attorney, demand a hearing on the basis that "the *485 witness has never met the defendant before”, or at least a preliminary hearing on the confirmatory issue.
THE ISSUES
Must the court grant defendant’s demand for a Wade hearing to determine whether there was an impermissibly suggestive identification procedure or, in the alternative, a preliminary hearing to test the witness’ prior knowledge of the defendant or should it decide the confirmatory identification issue on the motion papers alone?
DISCUSSION OF LAW
Under the present statutory scheme of CPL 710.60, a defendant must be granted a Wade hearing merely for the asking where he asserts a ground for suppression of potential in-court identification testimony, owing to an improperly made previous identification of the defendant by the prospective witness. (CPL 710.60 [3], [4]; 710.20 [6].)
The amendment to CPL 710.60 which authorizes a suppression hearing upon defendant’s demand even without supporting factual allegations does not enlarge the substantive basis for granting such hearing (see, People v Beauchamp, 143 AD2d 13).
As one commentator has noted: "[T]he change does not enlarge the legal basis for the motion or the obligation of the prosecutor to serve notice under CPL 710.30. Thus it should not generate hearings in cases where, for example, there is no issue as to the defendant’s identity, or the defendant and the witness were previously known to one another * * * or the viewing consisted of an undercover officer’s 'confirmation’ that the right person had been arrested”. (Preiser, 1986 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.60, 1990 Pocket Part, at 92 [citing People v Tas, 51 NY2d 915; People v Gissendanner, 48 NY2d 543; People v Stanton, 108 AD2d 688].)
Thus a defendant is not entitled to a suppression hearing (nor a CPL 710.30 notice) where the confrontation is merely confirmatory, as where the witness previously knew the defendant and merely affirms that he is the right person. (People v Ambroise, 142 AD2d 647; People v Marrero, 110 AD2d 785; People v Beauchamp, 143 AD2d 13, 17, supra [citing People v Tas, 51 NY2d 915, supra, mod on other grounds 74 NY2d 639; People v Gissendanner, 48 NY2d 543, supra]), since in such *486 cases the issues of suggestiveness and improper identification are not pertinent. (See, People v Fleming, 109 AD2d 848; People v Stevens, 109 AD2d 856.)
However, the law is unclear as to how the confirmatory nature of the police proceeding is established. In a recent Court of Appeals decision (People v Wharton, 74 NY2d 921), the court held that a Wade hearing was unnecessary where an undercover officer’s identification of the defendant at the station house- was confirmatory. It noted, however, that its decision implied no categorical rule exempting from requested Wade hearings confirmatory identifications by police officers merely by labeling them as such (citing People v Perez, 74 NY2d 637). The court further noted that "where the nature and circumstances of the encounter and identification may warrant, a hearing should and undoubtedly will be held” (supra, at 923, see also, dissenting opn of Titone, J.).
CONCLUSION
In the present case, the defendant seeks a suppression hearing or, in the alternative, a preliminary hearing to test the witness’ prior knowledge of the defendant. Defendant is not entitled to the suppression hearing if the procedure was only confirmatory. However, the confirmatory issue should not be resolved upon the People’s assertion alone. (See, People v Vargas, 118 Misc 2d 477.) But must the court hold a hearing on the issue? This court believes that where, as here, the motion papers clearly demonstrate that the witness knew or was familiar with the defendant prior to the time of the crime, an evidentiary hearing on the confirmatory issue is unwarranted.
In the instant case the People have shown by the unequivocal sworn statement (Form 32-B) of the eyewitness and her testimony before the Grand Jury and at the felony examination that she knew defendant prior to the police-arranged photopak identification procedure. In support of his demand for a hearing defendant offers no personal affidavit but only defense counsel’s statement on information and belief, that the witness never met the defendant before. The confirmatory issue does not turn on whether the witness and defendant ever met, but rather upon the witness’ prior knowledge of defendant. (See, e.g., People v Sabbat, 135 AD2d 846; People v Johnson, 124 AD2d 748; People v Charles, 111 AD2d 405.)
Defense counsel’s assertion that the witness never met the *487 defendant does not preclude her knowing him and is insufficient to raise a factual issue justifying a hearing which would require the attendance of a civilian witness who has twice before appeared to testify in this matter. Absent statutory direction, hearings are not for the asking where no factual issue is raised. (See, People v Roberto H., 67 AD2d 549.) Our courts must be mindful of the convenience of witnesses so as not to deter citizens from participating in the judicial process.
The present statutory scheme and decisional law leave unresolved the procedural method of noticing and determining a confirmatory procedure. Though such procedure is not required to be included in a CPL 710.30 notice (People v Gissendanner, 48 NY2d 543, supra), it is suggested that a defendant nevertheless receive timely notice of the People’s confirmatory characterization and supporting documentary evidence so that any issue with respect thereto can be presented to the court prior to trial. If the papers are sufficient to raise a fact issue the question can be decided at a preliminary hearing which may be continued into a formal Wade if the prior knowledge aspect is overcome. This court will not adopt an approach which would resolve the confirmatory issue at trial (People v Doyle, 134 Misc 2d 338) since such may prove disruptive and possible grounds for mistrial where after the in-court identification is received the alleged police initiated confirmatory procedure proves, on cross-examination, to be otherwise.
In any event, the court is here convinced, based upon the papers submitted, that the witness, in fact, knew defendant prior to the incident and that the photoviewing was a confirmation to assure that the police had arrested the right man. Accordingly, defendant’s request for a Wade hearing, or, in the alternative, a preliminary hearing to test the witness’ knowledge of the defendant is summarily denied.