■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYWARD BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered December 14, 1987, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence adduced at the hearing amply supports the conclusion that the complainant's pretrial identification of the defendant was confirmatory in nature, as the complainant testified that he was familiar with the defendant from having seen him in the neighborhood on prior occasions (see, e.g., People v Stewart, 144 AD2d 601; People v Ingram, 110 AD2d 852; People v Fleming, 109 AD2d 848; cf., People v Jackson, 159 AD2d 640).

Inasmuch as the hearing court properly found the identification to be confirmatory, the issue of suggestiveness raised by the defendant with regard to the lineup is irrelevant (see, People v Tas, 51 NY2d 915; People v Gissendanner, 48 NY2d 543; People v Jackson, supra). In any event, the defendant has failed to demonstrate that the purported exhibition to the complainant of a book of photographs containing the defendant's picture shortly before the lineup was unduly suggestive (cf., People v Torres, 137 AD2d 734; People v Watts, 130 AD2d 695). Similarly, the evidence regarding the composition and presentation of the lineup, including photographs of the defendant and the five fillers as they appeared to the viewer, supports the hearing court's determination that the lineup procedure was not suggestive (see, e.g., People v Fisher, 143 AD2d 1037). Hence, we agree with the court's finding that the complainant's in-court identification of the defendant was not the product of improper police identification procedures and, in any event, was supported by an independent source arising from the complainant's observations of the defendant during the commission of the crime (see, e.g., People v Wright, 112 AD2d 179). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.