■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO GUNN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered October 15, 1985, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly determined that the identification made by the People's witness was merely confirmatory in nature, since the witness knew the defendant prior to the commission of the instant crimes *(see, People v Lang,* 122 AD2d 226; *People v Fleming,* 109 AD2d 848). Notably, defense counsel admitted that the defendant knew the witness. Furthermore, the witness testified that the defendant was a frequent patron of the store at which she worked, and that the last time she had seen him was a week prior to the incident. Six to seven months prior to the incident the witness observed the defendant at a nightclub for about 25 minutes, and they had exchanged greetings. In light of the foregoing, the issue of suggestiveness is not relevant *(see, People v Fleming, supra,* at 849).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported

by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.