■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANIBAL MARRERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered March 1, 1983, convicting him of burglary in the first degree, robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Jordan, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in failing to suppress identification testimony which was the product of a station house showup. The complainant, who was robbed in his apartment by three men, viewed the defendant together with two alleged accomplices in a room at the station house. The complainant identified the accomplices but did not identify the defendant either at the showup or at the trial. The defendant nevertheless contends that he was unduly prejudiced by the court's failure to suppress identification testimony involving the accomplices. We find this argument to be without merit. Furthermore, we note that the accomplices, who pleaded guilty prior to the defendant's trial, testified on his behalf and admitted their complicity in the robbery.

During the same station house showup, the complainant's nephew identified the defendant. The court properly denied suppression of the nephew's identification testimony. The nephew knew the defendant prior to the crimes. Therefore, the showup was in the nature of a confirmation and the issue

of suggestive police procedure was not relevant *(see, People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543; *People v Stewart,* 144 AD2d 601).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The testimony of the defendant's alibi witnesses and the two accomplices presented issues of credibility for the jury, and its determination should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86).

The defendant's contention with respect to the court's charge is unpreserved for appellate review *(see,* CPL 470.05 [2]).

Finally, we find that the defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80). Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.