■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL P., Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered March 7, 1985, adjudicating him a youthful offender, after a nonjury verdict finding him guilty of robbery in the first degree, robbery in the second degree, and grand larceny in the third degree, and imposing sentence. The appeal brings up for review the denial, after a hearing (Braatz, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant contends that the victim's testimony at trial was inconsistent, so that the verdict was against the weight of the evidence. However, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The circumstances of this case, viewed in totality, reveal that the defen-

dant received meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147).

Furthermore, the hearing court properly denied suppression of the victim's identification testimony. The victim knew the defendant, the defendant's family, and even his home address prior to the commission of the crimes. Therefore, the identification procedure using a school yearbook was in the nature of a confirmation and the issue of suggestive police procedure was not relevant *(see, People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543; *People v Marrero,* 167 AD2d 559). Thompson, J. P., Kunzeman, Lawrence and O'Brien, JJ., concur.