■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered November 29, 1988, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the evidence adduced at trial was legally insufficient to establish that he possessed the intent necessary to support a conviction of assault in the second degree because it was his accomplice who shot the victim during the course of the robbery. This claim is unpreserved for appellate review *(see, People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt. The evidence that the defendant was inside the video arcade when the robbery and shooting occurred and that he threatened the victim was uncontroverted. There was also testimony that he gave some orders to his accomplice while in the video arcade and that he left the arcade with his accomplice after the shooting. This evidence was legally sufficient to establish that the defendant had the intent to injure the victim *(see, People v Oquendo,* 147 AD2d 506; *People v Marcus,* 133 AD2d 708; *cf., People v Bray,* 99 AD2d 470; *People v Padgett,* 145 AD2d 443). The fact that the evidence might be subject to an interpretation different from that credited by the jury, does not mean that the People failed to prove their case beyond a reasonable doubt *(see, People v Raphael,* 134 AD2d 535).

Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Kunzeman, Harwood and Balletta, JJ., concur.