■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK HARLEY, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Savarese, J.), both rendered September 8, 1989, convicting him of robbery in the first degree (two counts) and attempted robbery in the first degree under Indictment No. 8174/87, and robbery in the first degree and assault in the second degree (three counts) under Indictment No. 8175/87, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement authorities.

Ordered that the judgments are affirmed.

There is no merit to the defendant's contention that his inculpatory statements should have been suppressed as a result of improper interrogation procedures having been employed by the police. The record reveals that the defendant's statements were received after he was advised of and knowingly, voluntarily, and intelligently waived his constitutional rights. The record belies his current contention that he was induced to waive his rights in reliance upon false definite promises of leniency (see, People v Fox, 120 AD2d 949; People v Sumeriski, 119 AD2d 999; People v Giangrasso, 109 AD2d 750). While the defendant now claims that he was induced to inculpate himself upon a promise that he would not be charged with robbery in the first degree, the testimony elicited at the Huntley hearing disclosed that when the defendant attempted to recant his inculpatory statement he did so explaining that he had lied and had only feigned cooperation with police because he thought if he cooperated he would be released from custody. No promises of release were ever made by the interrogating officers and even on appeal the defendant does not argue to the contrary. Accordingly, it is clear that the defendant's statements were not subject to suppression for violating the proscription against the admission of statements induced by false promises or statements of fact which create a substantial risk of false self-incrimination (see, CPL 60.45 [2] [b] [i]).

Furthermore, we reject the defendant's argument that the identification testimony of the two complaining witnesses should have been suppressed as a result of unduly suggestive

identification procedures. One of the complainants knew the defendant from having seen him around the neighborhood on prior occasions, so as to this witness the lineup in which he identified the defendant was merely confirmatory in nature, rendering the issue of suggestivity irrelevant *(see, People v Brown,* 161 AD2d 721; *People v Butler,* 150 AD2d 789; *People v Welker,* 150 AD2d 515; *People v Padgett,* 145 AD2d 443). In any event, the mere fact that the lineup was conducted shortly after the witness identified the defendant's photograph from among approximately 800 photographs did not render the lineup identification unreliable *(see, People v Brown, supra; compare, People v Watts,* 130 AD2d 695).

The identification testimony of the second complaining witness was also properly deemed admissible. The mere fact that a witness is told that his lineup identification is correct does not mandate the suppression of any subsequent in-court identification *(cf., People v Wilson,* 111 AD2d 940). Moreover, this is not a matter properly raised in the context of a *Wade* hearing as the issue of whether a witness's in-court identification has been tainted by a communication made after the conclusion of all pretrial identification procedures is a matter to be raised before the jury at trial *(see, People v Chipp,* 75 NY2d 327, *cert denied* — US —, 111 S Ct 99).

We have reviewed the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.