THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DANIEL WOODBERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered March 15, 1989, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Beerman, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Notwithstanding the ruling following a suppression hearing allowing testimony at trial by an eyewitness concerning his station house identification of the defendant, no such testimony was given. Therefore, any error in the ruling permitting this testimony is academic in light of the eyewitness's failure to testify with respect thereto. In any event, we find that the witness's familiarity with the defendant prior to the occurrence of the offense charged was such that the station house identification procedure employed failed to create a substantial risk of misidentification (see, People v Dolphin, 77 AD2d 571). The record of the Wade hearing discloses that the witness saw the defendant rob his pregnant victim as she wheeled her child in a stroller, under threat of physical harm to both the victim and her child, and then the witness chased the defendant toward the vicinity of the defendant's family's home. The witness told the responding police officer that he knew the defendant from the neighborhood and even provided the officer with the defendant's name and address. One week thereafter the witness confirmed his identification of the defendant at a station house showup. Upon this record it is clear that the witness knew the defendant's identity prior to the commission of the crime. Accordingly, the showup at the station house was in the nature of a confirmatory procedure rendering the issue of suggestiveness irrelevant (see, People v Tas, 51 NY2d 915, 916; People v Gissendanner, 48 NY2d 543, 552; People v Marrero, 167 AD2d 559; People v Lizardi, 166 AD2d 672, 673).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.