■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS LEAKES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered October 23, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial testimony revealed that the complainant was robbed at gunpoint by three men while standing in front of his apartment building and that he recognized one of the men as "Smokey", later identified as the defendant, who lived across the street. Several days later, the complainant was picked up at home by a police officer to be brought to the precinct to view photo arrays. In the back seat of the patrol car was the defendant. When they arrived at the precinct, the complainant advised the officer that this was one of the men who robbed him and the defendant was placed under arrest. The police officer testified that he was transporting the defendant to the precinct to visit a half-brother who was being detained in connection with an unrelated incident.

On appeal, the defendant contends that, contrary to the officer's testimony, he was placed in the patrol car for the purpose of having the complainant identify him and that this was an unduly suggestive show-up procedure. However, inasmuch as the defendant failed to request a Wade hearing, his claim is unpreserved for appellate review. In any event, even assuming that the identification was prearranged by the police, the issue of suggestiveness is irrelevant since the identification was merely confirmatory, the complainant having known the defendant prior to the robbery (see, People v Tas, 51 NY2d 915; People v Gissendanner, 48 NY2d 543).

Contrary to the defendant's further contention, the trial court properly exercised its discretion in ruling that the prosecutor could inquire into the defendant's prior conviction for attempted robbery but not his convictions as a youthful

offender *(see, People v Rahman,* 46 NY2d 882; *People v Sandoval,* 34 NY2d 371).

The defendant's remaining contention is unpreserved for appellate review (CPL 470.05 [2]). Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.