■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX RAMIREZ, Appellant.—Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered May 5, 1988, convicting defendant, after jury trial, of assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a predicate violent felony offender, to concurrent terms of imprisonment of 6 to 12 years, unanimously affirmed.

The testimony at the suppression hearing amply supports the hearing court's finding that the complainant's previous acquaintance with defendant rendered his identification of defendant by a photograph merely confirmatory in nature, and thus not an identification within the meaning of CPL 710.30 *(see, People v Tas,* 51 NY2d 915, 916).

Also amply supported by the record are the hearing court's findings that, at the time of defendant's initial interview with the detective investigating the incident, defendant was not in custody; that the limited police questioning was designed merely to clarify the nature of the situation, rather than to coerce a statement; and that *Miranda* warnings, therefore, were not required *(see, e.g., People v Huffman,* 41 NY2d 29).

Evidence at trial was that defendant, wielding a loaded handgun, chased after the complainant, aimed the gun at the complainant and shot him in the chest, and then pistol-whipped the complainant about the head and face when he ran out of bullets. As a result, the complainant suffered lung damage, internal bleeding, and severe head injuries determined by medical experts to be life-threatening and requiring the use of a respirator to facilitate the complainant's breathing. Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of assault in the first degree and criminal posses-

sion of a weapon in the second degree is amply supported *(see, People v Bleakley,* 69 NY2d 490). Any issues of credibility that may have arisen from the testimony of two defense witnesses who testified to observing only portions of the incident and, indeed, gave conflicting views thereof, were properly placed before the jury. Its determinations, not unreasonable in the circumstances, will not be disturbed by this Court *(see, e.g., People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786).

We have considered defendant's additional claims and find them to be without merit. Concur—Murphy, P. J., Ellerin, Wallach, Asch and Rubin, JJ.