■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD ATKINSON, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered April 27, 1989, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to an indeterminate prison term of from eighteen years to life, unanimously affirmed.

Prior to trial, the court granted the application of the prosecutor to terminate the *Wade* hearing after it became apparent that the witness who had viewed defendant in a lineup was previously familiar with him. Defendant has waived any claim to appellate review of this decision because his counsel failed to take advantage of the court's ruling allowing him to reopen the *Wade* hearing if he could establish a lack of familiarity with defendant through *voir dire* of the witness. In any case, the detective's testimony at the hearing that Witness F said, "Reggie shot the deceased," coupled with the witness' Grand Jury testimony that he had known defendant for a "couple of months" from "around the neighborhood," was sufficient to make a finding of prior familiarity *(see, People v Padgett,* 145 AD2d 443, 444, *lv denied* 73 NY2d 894). Finally, contrary to defendant's argument, his presence was not required when the court rendered its decision grant-

ing the People's application to terminate the *Wade* hearing *(People v Velasco,* 77 NY2d 469).

Defendant's argument that the trial testimony of numerous witnesses, that they were present when defendant and his accomplice shot the deceased, and that of a detective regarding the line-up procedure, constituted impermissible bolstering is unpreserved for appellate review, and we decline to reach it in the interest of justice (CPL 470.05 [2]). Were we to reach the issue, we would find that none of this testimony constituted bolstering.

We have reviewed all other claims of defendant and find them to be unpreserved and meritless. Concur—Ellerin, J. P., Wallach, Ross, Asch and Smith, JJ.