■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY RAGSDALE, Appellant. [604 NYS2d 626] —Casey, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered December 16, 1991, upon a verdict

convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree.

On this appeal, defendant contends he was denied the opportunity to call as a witness the Judge who issued the search warrant against him. Defendant did not seek this testimony at the pretrial suppression hearing and a copy of the search warrant was admitted without objection. Prior to the suppression hearing, the defense acknowledged receipt of a copy of the search warrant and failed to request the production of the original. As a result of the failure of the defense to raise the propriety of the issuance of the search warrant at the suppression hearing, defendant was properly precluded from raising the issue for the first time on the third day of trial (see, CPL 710.70 [3]).

As to defendant's second argument, we find that the redirect examination of Police Officer James Waters was not overly broad or unduly prejudicial. The door to such rebuttal testimony was opened by defense counsel's cross-examination, which attempted to show that the officer had a preconceived disposition to arrest defendant. In the face of such testimony, an explanation of the situation by the officer on redirect examination was appropriate (see, People v Tas, 51 NY2d 915). The judgment of conviction should be affirmed.

Weiss, P. J., Yesawich Jr., Crew III and White, JJ., concur. Ordered that the judgment is affirmed.