■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS KERR, Appellant. [620 NYS2d 281] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered March 30, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied suppression of the prospective in-court identification of the defendant by the eyewitness to the shooting. The witness's testimony at the *Wade* hearing established that he had known the defendant sufficiently well at the time of the shooting, and that his photographic identification of the defendant was merely confirmatory *(see, People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543; *People v Brodie,* 170 AD2d 519; *People v Ambroise,* 142 AD2d 647).

The defendant's contention that the evidence was legally insufficient to prove his identity as the perpetrator beyond a reasonable doubt has not been preserved for appellate review

*(see, People v Bynum,* 70 NY2d 858; *People v Johnson,* 185 AD2d 247). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. The alleged inconsistencies in the eyewitness's testimony were fully explored before the jury. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.