■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL SANCHEZ CORTORREAL, Appellant. [642 NYS2d 36] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 5, 1994, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of the prospective in-court identification of the defendant by an eyewitness to the shooting. The witness's testimony at the *Wade* hearing established that he had known the defendant prior to the commission of the crime, and that his showup identification of the defendant was merely confirmatory (*see, People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543; *People v Kerr,* 210 AD2d 349; *People v Woodberry,* 176 AD2d 770).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

It was not an improvident exercise of discretion for the trial court to deny the defendant's motion for a mistrial based upon three jurors having witnessed an altercation between the victim's and defendant's families outside the courthouse. A Trial Judge is vested with broad discretion in ruling on the is-

sue of juror prejudice (*see, People v Genovese,* 10 NY2d 478, 482). Here, during separate in camera inquiries, the court questioned the jurors regarding any inferences they might have drawn based on their observations, and counsel on both sides were allowed to participate. The jurors' responses unequivocally indicated that their ability to render an impartial verdict in the case had not been affected (*see, People v Buford,* 69 NY2d 290, 298-299; *People v Velez,* 222 AD2d 539; *People v Williams,* 221 AD2d 673).

The defendant's remaining contentions are without merit. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.