■ The People of the State of New York, Respondent, v Marvin Matthew, Also Known as Marvin Matthews, Appellant. [669 NYS2d 908] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered July 5, 1995, convicting him of assault in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's motion to suppress the showup identification by the victim in a hospital was properly denied. Since the parties were known to each other prior to the incident, the identification was merely confirmatory and the issue of suggestiveness was irrelevant (*see, People v Tas*, 51 NY2d 915; *People v Ballard*, 198 AD2d 289; *People v Leakes*, 177 AD2d 714; *People v Woodberry*, 176 AD2d 770). In any event, the record of the hearing on the codefendant's motion establishes that exigent circumstances existed to justify the hospital showup identification of the defendant (*see, People v Taylor*, 248 AD2d 569 [decided herewith]; *People v Rivera*, 22 NY2d 453, 455).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]). The claimed inconsistencies in the complainant's testimony were minor, did not pertain to the main issues in the case, and did not render him unworthy of belief (*see, People v Rose*, 224 AD2d 643; *People v White*, 192 AD2d 736; *People v Pittman*, 186 AD2d 282). Pizzuto, J. P., Santucci, Joy and Friedmann, JJ., concur.