■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON MIDDLETON, Appellant. [775 NYS2d 185]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered October 4, 2002, convicting him of manslaughter in the first degree and

criminal possession of a weapon in the second degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's motion which was to suppress the station house showup identification made by an eyewitness minutes after the shooting with which the defendant was charged. Because the eyewitness knew the defendant before the shooting, the identification was merely confirmatory and the issue of suggestiveness was irrelevant (*see People v Matthew,* 248 AD2d 557 [1998]; *see also People v Tas,* 51 NY2d 915 [1980]; *People v Anderson,* 260 AD2d 387 [1999]; *People v Cortorreal,* 226 AD2d 737 [1996]; *People v Leakes,* 177 AD2d 714 [1991]).

Moreover, we disagree with the defendant's contention that the medical examiner's hearsay testimony rendered legally insufficient the evidence that he caused the death of his victim. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), the hospital records stipulated into evidence, and the medical examiner's personal observations upon examination of the victim's body, were legally sufficient to support her conclusion that the gunshot wound inflicted by the defendant caused the victim's death (*see* Penal Law § 125.20; *People v Stewart,* 40 NY2d 692, 697 [1976]; *People v Sugden,* 35 NY2d 453, 458-460 [1974]; *People v Carballo,* 191 AD2d 506, 507 [1993]; *People v Campbell,* 187 AD2d 442, 443 [1992]; *People v Spencer,* 146 AD2d 817, 818 [1989]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.