◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. CRUZ, Appellant. [815 NYS2d 876]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered October 10, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and sexual abuse in the first degree (§ 130.65 [1]). Contrary to defendant's contention, County Court properly concluded that a *Wade* hearing was unnecessary because defendant and the victim were "known to one another, [and thus] 'suggestiveness' [was] not a concern" (*People v Gissendanner*, 48 NY2d 543, 552 [1979]; *see People v Tas*, 51 NY2d 915, 916 [1980]). Also contrary to defendant's contention, the court's *Sandoval* ruling, pursuant to which the People were permitted to ask defendant whether he had previously been convicted of any crimes and, if so, the number of convictions, does not constitute an abuse of discretion (*see generally People v Walker*, 83 NY2d 455, 458-459 [1994]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.