■ The People of the State of New York, Respondent, v Travis Bibbs, Appellant. [818 NYS2d 292]—

Appeals by the defendant from a (1) judgment of the Supreme Court, Nassau County (Weinberg, J.), rendered February 3, 2005, convicting him of criminal sale of a controlled substance

in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence, and (2) a resentence of the same court dated February 9, 2005.

Ordered that the judgment and the resentence are affirmed.

The record established that the confidential informant and the defendant knew each other for more than 10 years. Under such circumstances, the confidential informant's out of court identification of the defendant was merely confirmatory and did not require any notice pursuant to CPL 710.30 (*see People v Tas*, 51 NY2d 915, 916 [1980]; *People v Booker*, 20 AD3d 485 [2005]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 20-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The confidential police informant's testimony was not incredible as a matter of law (*see People v Gruttola*, 43 NY2d 116, 122 [1977]; *People v Yara*, 12 AD3d 626 [2004]) and was corroborated by objective facts. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed at the defendant's resentencing was not excessive (*see People v Suitte*, 90 AD2d 80, 88 [1982]).

The defendant's remaining contention is unpreserved for appellate review. Florio, J.P., Crane, Ritter and Fisher, JJ., concur.