People v Thompson (2025 NY Slip Op 51263(U))

[*1]

People v Thompson

2025 NY Slip Op 51263(U)

Decided on August 8, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 8, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Adam Thompson, Defendant.

CR-010185-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (Jack Ralph of counsel), for plaintiff. 
Dean J. Vigliano, for defendant.

Ilona B. Coleman, J.

By omnibus motion, the defendant requests an order suppressing a noticed statement (Dunaway v New York, 442 US 200 [1979]; People v Huntley, 15 NY2d 72 [1965]; precluding identification evidence at trial (CPL 710.30 [1] [b])); suppressing physical evidence; and precluding the People from introducing evidence of prior bad acts at trial (People v Sandoval, 34 NY2d 371 [1974]; People v Molineux, 168 NY 264 [1901]). The People oppose. 
First, the motion to suppress the noticed statement is granted to the extent that a Huntley//Dunaway hearing will be conducted before trial.
Next, the motion to preclude identification evidence is denied. The People are not required to provide notice pursuant to CPL § 710.30 (1) (b) when the parties are "known to each other" (People v Tas, 51 NY2d 915 [1980]). The People allege that the defendant and complainant are family members who are known to each other, and the defendant has made no allegation to the contrary. Preclusion is therefore unwarranted, and the defendant has requested no other relief. 
The defendant's motion to suppress physical evidence is denied as the defense has not alleged any property taken from him that is subject to suppression (CPL 710.60 [3] [a]). The defendant has leave to renew his suppression motion (and to seek other appropriate relief) should the People attempt to introduce physical evidence obtained from the defendant at trial. 
Finally, the motion to preclude evidence of prior bad acts is referred to the trial court. The People are directed to provide supplemental discovery to the defense as soon as practicable and at least fifteen calendar days prior to the next scheduled trial date (CPL 245.20 [3]; CPL 245.10 [1] [b]).
This constitutes the decision and order of this court.
Dated: August 8, 2025
New York, NY
Ilona B. Coleman, J.C.C.